Benjamin T. Andersen
101 SW Madison St #9068
Portland OR 97207-9068
t. 503.222.2510 f. 503.546.0664
btandersen@btandersen.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　　Plaintiff,<br>v.<br><br>Fabian SANDOVAL-RAMOS,<br>　　　　　　　　　　Defendant. | Case No. 3:14-CR-267-BR-1<br><br>MEMORANDUM OF LAW IN SUPPORT OF REQUESTED JURY INSTRUCTIONS RELATED TO COUNTS ONE AND TWO—CONSPIRACY |

　　　　Count One of the indictment charges multiple defendants, including Fabian Sandoval-Ramos, with "Conspiracy to Distribute Heroin Resulting in Death." Count Two charges Mr. Sandoval and others with "Conspiracy to Distribute Heroin" with the aggravating element alleging that the distribution involved more than a kilogram of a mixture or substance containing a detectable amount of heroin. Defendant's requested jury instructions seek to instruct the jury that, in order to find Mr. Sandoval guilty of either of the conspiracies charged in Counts One and Two, the government must prove beyond a reasonable doubt that Mr. Sandoval entered into an agreement and had the intention to help commit the substantive offense.

The requested instructions are supported by *Alleyne v. United States*, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and *Burrage v. United States*, 134 S. Ct. 881, 887 (2014), and as further discussed below.

## I.     THE SUBSTANTIVE OFFENSE

*Alleyne* is among the multitude of shockwaves that have drastically reformed the criminal justice system since the landmark decision announced in *Apprendi v. New Jersey*, 530 US 466 (2000).  *Alleyne* overruled two prior cases, *Harris v. United* States, 536 US 545 (2002), and *McMillan v. Pennsylvania*, 477 US 79 (1986), both of which rested on a perceived distinction between elements of a crime and "sentencing factors."  *Alleyne*, 133 S.Ct. at 2164 (Sotomayor, J., concurring, "I join the opinion of the Court, which persuasively explains why *Harris* and *McMillan* were wrongly decided.").  By overruling *Harris* and *McMillan*, *Alleyne* did away with any lingering distinction between "sentencing factors" that increased or imposed a mandatory minimum and "elements" of a crime and repeatedly makes clear that "a fact that increases a sentencing floor… forms an essential ingredient of the offense." *Id*. at 2161.  "[T]he core crime and the fact triggering the mandatory minimum sentence together constitute a new, aggravated crime[.]"  *Id*.

Based directly on *Alleyne* and *Apprendi*, the Supreme Court in *Burrage*, discussing the exact substantive crime that is the alleged object of the conspiracy in Count One of the indictment against Mr. Sandoval, Distribution of Heroin Resulting in Death, concluded that:

> [b]ecause the "death results" enhancement increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt.  Thus, the crime

> charged in count 2 of Burrage's superseding indictment has two principal elements: (i) knowing or intentional distribution of heroin, §841(a)(1), 4 and (ii) death caused by ("resulting from") the use of that drug, §841(b)(1)(C).

*Burrage*, 134 S.Ct. at 887 (citations to *Alleyne*, and *Apprendi* omitted).

Post-*Alleyne/Burrage*, it is clear that the offense of Distribution of Heroin Resulting in Death is a distinct offense from Distribution of Heroin, and both distinct offenses have distinct penalties.

## II.   STATUTORY LANGUAGE AND CASELAW OF CONSPIRACY

Mr. Sandoval is charged under 21 USC §846, the drug conspiracy law:

> Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

21 USC § 846.  Prior to *Alleyne/Burrage*, although both needed to be pleaded and proved to a jury, a "sentencing factor," such as a resultant death or a weight amount, generally was viewed as somehow separate from the "offense."  A defendant could be accused of conspiring to Distribute Heroin, and, if a jury also found that death resulted from heroin actually delivered, a sentence equivalent to the substantive crime of Delivery of Heroin Resulting in Death, including the mandatory minimum, would have to be applied.  This approach evidences a fundamental misunderstanding of conspiracy law, because it treats the conspiracy offense and the substantive offense as if they were the same offense.  In fact, "the commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses." *Pinkerton v. United States*, 328 US 640, 643 (1946).  "The agreement to do an unlawful act is even then distinct from the doing of the act." *Id* at 644.  It is *the agreement* itself that is the "distinct evil." *Salinas v. United States*, 522 US

PAGE 3 – MEMORANDUM OF LAW IN SUPPORT OF REQUESTED JURY INSTRUCTIONS RELATED TO COUNTS ONE AND TWO—CONSPIRACY
   United States v. Fabian SANDOVAL-RAMOS,
   USDC Oregon Case No. 3:14-CR-267-BR-1

52, 65 (1997). That agreement "may exist and be punished whether or not the substantive crime ensues." *Id., see also United States v. Jimenez Recio*, 537 U.S. 270, 274-75 (2003).

By way of illustration, for a conviction of the substantive offense of murder, in whatever degree, it is clear that a killing must have actually occurred. *See, e.g., United States v. Free*, 841 F.2d 321, 325 (9th Cir. 1988) (An "essential element[] of first-degree murder [is:] the act . . . of killing a human being"). That, of course, necessarily assumes that a human being dies. In a prosecution for Conspiracy to Commit Murder, however, a conviction could be had even if *no murder occurred*, or if no one died. *See, e.g. Kleve v. Hill*, 243 F.3d 1149, 1151 (9th Cir. 2001) (discussing a California conviction for conspiracy to commit second degree murder when there was no death). What matters is the agreement with the intent to kill. *See, e.g., People v. Swain* 12 Cal.4th 593, 603 (1996) (the crime of conspiracy to commit murder requires a finding of unlawful intent to kill.).

If there is no intent to kill, there is no conspiracy to commit murder. Similarly, if there is no intent to have the heroin you intend to deliver result in the death of another, there is no Conspiracy to Deliver Heroin Resulting in Death. This is true because in both instances, a key element is missing.

18 USC §846, while prescribing the same penalties for a *conspiracy* to commit a particular drug offense as those for the particular *substantive* offense that was the goal of the conspiracy, does not alter the fact that the conspiracy is wholly separate from the substantive offense. Nor does it alter the fact, as discussed above, that a conspiracy requires the intent to commit the substantive offense, regardless of whether it is actually

PAGE 4 – MEMORANDUM OF LAW IN SUPPORT OF REQUESTED JURY INSTRUCTIONS RELATED TO COUNTS ONE AND TWO—CONSPIRACY
    United States v. Fabian SANDOVAL-RAMOS,
    USDC Oregon Case No. 3:14-CR-267-BR-1

accomplished. "[A conspiracy] has ingredients, as well as implications, distinct from the completion of the unlawful project." *Pinkerton*, 328 US at 644. The *Pinkerton* court goes on, quoting in florid detail:

> For two or more to confederate and combine together to commit or cause to be committed a breach of the criminal laws is an offense of the gravest character, sometimes quite outweighing, in injury to the public, the mere commission of the contemplated crime. It involves deliberate plotting to subvert the laws, educating and preparing the conspirators for further and habitual criminal practices. And it is characterized by secrecy, rendering it difficult of detection, requiring more time for its discovery, and adding to the importance of punishing it when discovered.

*Id.* (citations omitted).

The essence of a conspiracy is "an agreement to commit an unlawful act." *Iannelli* v. *United States,* 420 US 770, 777 (1975); see *United States* v. *Shabani,* 513 US 10, 16 (1994); *Braverman* v. *United States,* 317 US 49, 53 (1942).

Because a conspirator "must intend to further an endeavor which, if completed, would satisfy all of the elements of a substantive criminal offense," *Salinas, supra*, in order to convict Mr. Sandoval of "Conspiracy to Distribute Heroin Resulting in Death," the government must prove beyond a reasonable doubt that Mr. Sandoval agreed with at least one person with the intention not only to assist in the distribution of heroin, but also that death be caused by the use of the distributed heroin.

Whether a death actually occurred, for all practical purposes, is immaterial.

PAGE 5 – MEMORANDUM OF LAW IN SUPPORT OF REQUESTED JURY INSTRUCTIONS RELATED TO COUNTS ONE AND TWO—CONSPIRACY
    United States v. Fabian SANDOVAL-RAMOS,
    USDC Oregon Case No. 3:14-CR-267-BR-1

## III. TO CONVICT MR. SANDOVAL OF COUNT ONE AS INDICTED, THE GOVERNMENT MUST PROVE THAT HE INTENDED TO CAUSE DEATH

For the reasons stated in this memorandum, in order to convict Mr. Sandoval of Count One of this indictment, the government must prove beyond a reasonable doubt that:

(1) Mr. Sandoval agreed with some other person to commit the offense of delivery of heroin resulting in death;

(2) He joined the conspiracy knowing that its purposes were

    a.    to distribute heroin, and

    b.    to have death result from the delivery of that heroin; and

(3) He intended to help accomplish those specific purposes.

## IV. TO CONVICT MR. SANDOVAL OF COUNT TWO AS INDICTED, THE GOVERNMENT MUST PROVE THAT HE INTENDED TO DISTRIBUTE MORE THAN A KILOGRAM OF HEROIN

The discussion above focused on Count One. However, the same arguments pertain to Count Two. A conviction for the simple distribution of heroin carries a maximum sentence of 20 years. 21 USC §841(b)(1)(C). A conviction for the aggravated offense of distribution of more than a kilogram of heroin carries a minimum sentence of 10 years and a maximum sentence of life imprisonment. 21 USC §841(b)(1)(a)(i). The additional allegation of distribution of more than a kilogram therefore "increases the punishment above what is otherwise legally prescribed." *See Alleyne* 133 S.Ct at 2158. As such, the kilogram allegation "is by definition an element of the offense[.]" *Id.*

PAGE 6 – MEMORANDUM OF LAW IN SUPPORT OF REQUESTED JURY INSTRUCTIONS RELATED TO COUNTS ONE AND TWO—CONSPIRACY
    United States v. Fabian SANDOVAL-RAMOS,
    USDC Oregon Case No. 3:14-CR-267-BR-1

For the same reasons as stated above, in order to convict Mr. Sandoval of the conspiracy alleged in Count Two, the government must prove beyond a reasonable doubt that:

(1) Mr. Sandoval agreed with some other person to commit the offense of delivery of more than a kilogram of heroin;

(2) He joined the conspiracy knowing that its purpose was to distribute more than a kilogram of heroin; and

(3) He intended to help accomplish that specific purpose.

Respectfully submitted this 19th day of October, 2015.

/s/ (intended as original in electronic filings)
_____
Benjamin T. Andersen, OSB 06256
Attorney for Defendant