David M. Audet, OSB No. 79014
249 NE Lincoln
Hillsboro, Oregon  97124
(503) 648-3020

Attorney for Imelda Sanchez-Olivera

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 3:14-cr-00267-BR |
| v. | ) | |
| FABIAN SANDOVAL-RAMOS, | ) | **MOTION IN LIMINE** |
| Defendant. | ) | **(Marital Privilege)** |

Imelda Sanchez-Olivera is the wife of defendant Fabian Sandoval-Ramos. She has been subpoenaed by the government to testify against her husband. Ms. Sanchez-Olivera, through her attorney, David Audet, moves this Court for an Order allowing her to not testify against her husband and to prevent the disclosure of private communications between them.

I have called AUSA Leah Bolstad in an effort to determine what testimony from Ms. Sanchez-Olivera the government intends to offer. Ms. Bolstad has not returned my call. Based on my own investigation I believe the government intends to offer testimony that the defendant asked his wife to keep his phone and that he asked her to throw away unopened lactose bags.

Page 1 - MOTION IN LIMINE (Marital Privilege)

Federal Rule of Evidence 501 provides that "the privilege of a witness [or] person...shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." The Supreme Court has recognized two privileges that arise from the marital relationship. The first permits a witness to refuse to testify against his or her spouse. See Trammel v. United States, 445 U.S. 40, 53, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980). The witness spouse alone holds the privilege. Ms. Sanchez-Olivera wants to assert her privilege to not testify against her husband.

The second privilege is the "marital communications" privilege. This privilege provides that communications between spouses, privately made, are generally assumed to have been intended as confidential and are therefore, privileged. Wolfe v. United States, 291 U.S. 7 (1934), United States v. Montgomery, 384 F3d 1050 (9th Cir. 2004). The privilege extends to words and acts intended to the communications, requires a valid marriage, and applies only to confidential communications. The government bears the burden of showing the communication was not intended to be confidential. Blau v. United States, 340 US 332, 333 (1951).

IT IS SO MOVED this 29th day of October, 2015.

/s/ David M. Audet
David M. Audet, OSB No 79014
Attorney for Defendant

Page 2 - MOTION IN LIMINE (Marital Privilege)